UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL L GREER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:22-cv-01212-SEB-CSW |
| LISA HAMBLEN, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER REGARDING MOTION TO ENFORCE SETTLEMENT, MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND PLAINTIFF'S OBJECTIONS**

This prisoner civil rights case concerns Michael Greer's custodians' treatment and accommodation of his visual impairment. On December 12, 2025, the Court vacated the bench trial of the matter after counsel reported a settlement. The Court ordered counsel to file a motion to dismiss or a stipulation of dismissal within 60 days, dkt. 122, but they never did so.

Instead, six months later, the defendants moved to enforce the settlement they believe the parties reached on December 12. Dkt. 136. On August 17, 2026, Magistrate Judge Wildeman issued a report and recommendation recommending that the Court grant the motion in part. Dkt. 146. Mr. Greer has objected, and the defendants have responded. Dkts. 147, 148.

The Court now sustains Mr. Greer's objections in part and overrules them in part; adopts Magistrate Judge Wildeman's report and recommendation in part and rejects it in part; grants the motion to enforce in part and denies it in part; dismisses this lawsuit with prejudice; and directs the entry of final judgment.

**I. Legal Standard**

When a party objects to a magistrate judge's findings or recommendations, the District Court must make a de novo determination of those matters. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C.

§ 636(b)(1)(C). De novo review requires a re-examination of the case with a fresh set of eyes and "an independent judgment of the issues." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir. 1984). The Court may adopt, reject, or modify the magistrate judge's recommendations or findings. Fed. R. Civ. P. 72(b)(1)(C).

A federal court has authority to enforce a settlement agreement that the parties have executed but not satisfied. *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996). "A settlement agreement is merely a contract between the parties to the litigation." *Id.* at 327. "As such, the formation, construction, and enforceability of a settlement agreement is governed by local contract law." *Id.*

In Indiana, as in all jurisdictions, "[c]ontracts are formed when parties exchange an offer and acceptance." *Kelly v. Levandoski*, 825 N.E.2d 850, 857 (Ind. Ct. App. 2005). "A meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract." *Zimmerman v. McColley*, 826 N.E.2d 71, 77 (Ind. Ct. App. 2005).

## II. Findings of Fact and Conclusions of Law

1. On March 6, 2024, the Court granted the defendants' summary judgment as to all claims under the Eighth Amendment and as to claims for damages under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA). Dkt. 62.

2. The Court denied summary judgment as to ADA and RA claims for injunctive relief. *Id.* Those claims were to continue against defendants representing the Indiana Department of Correction (IDOC) and its third-party medical contractor (Centurion), in their official capacities, and were be resolved by settlement or bench trial. *Id.*

3. On September 18, 2025, the Court continued a bench trial set for September 22 based on counsel's reports that they were making progress toward a settlement. Dkt. 113. The Court rescheduled the trial for December 15.

4, At 3:35 P.M. on Friday, December 12, counsel for the IDOC defendant e-mailed the following message to counsel for Mr. Greer:

> My client agrees to transfer Greer to ISP (Michigan City) within 60 days of final settlement approval in exchange for dismissal of the pending claims in 1:22-cv-1212. This settlement is conditional on the later and final approval of the OAG and Governor.
>
> Please call me asap. Direct line below.

Dkt. 136-1.

5. Less than an hour later, the Court issued the following order:

> The court has been notified that the parties have agreed to a settlement of this case. Therefore, all pending motions, if any, are now **DENIED AS MOOT** and all previously ordered dates relating to discovery, filings, schedules, conferences, and trial, if any, are **VACATED**.
>
> The parties are ORDERED to finalize their agreement and file the appropriate documents to resolve this cause within sixty days of the date of this entry. The failure to do so will result in a DISMISSAL WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b). Additional time to complete the execution of the settlement documents may be granted if requested in writing prior to the expiration of this period of time.

Dkt. 122.

6. The parties did not file a motion to dismiss or a stipulation of dismissal as directed.

7. On May 28, 2026, Counsel for Mr. Greer sent a report to Magistrate Judge Wildeman containing the following statements:

- "This matter *was resolved* on Friday December 12, 2025." Dkt. 136-2 ¶ 1 (emphasis added).
- "Leading up to" the rescheduled bench trial, "Plaintiff and Defendant Hamblen ('Medical Defendant') *had negotiated* an agreement reflecting Medical Defendant's obligation to provide sufficient medical information concerning

Plaintiff's disability to the Correctional Defendant in return for Plaintiff's agreement that the Medical Defendant did not need to appear at trial." *Id.* ¶ 1(a) (emphasis added).

- "On December 12, Plaintiff *agreed to resolve the injunctive claims at trial* in return for a transfer to Indiana's Michigan City correctional facility." *Id.* ¶ 1(b) (emphasis added).
- "In return, Plaintiff would dismiss the injunctive claims that were the basis of trial and take the damages claims on which the Court had granted summary judgment to appeal." *Id.* ¶ 1(c).

8. Counsel for the defendants has placed in evidence a draft settlement agreement. Dkt. 163-3. Counsel for the defendants represent that they conveyed this agreement to Mr. Greer's counsel and that it has been approved by the governor and attorney general. Dkt. 136 at 2. However, they do not state when they conveyed this instrument to opposing counsel. The instrument itself is not dated or executed by any party or attorney. Additionally, the defendants have not tendered evidence of any communication (such as an e-mail or letter) purporting to convey the instrument, such that the Court can ascertain when it was created. Therefore, the instrument itself is not conclusive evidence of what agreement was reached on December 12.

9. Counsel for Mr. Greer has placed in evidence an instrument that he states his client "would sign." Dkt. 141-2; dkt. 141 at 6. There is no indication this instrument has ever been conveyed to opposing counsel. It is not probative evidence of what agreement was reached on December 12.

10. On May 9, 2026, the defendants filed a motion to enforce a settlement agreement on the terms recorded in their undated settlement instrument. Dkt. 136.

11. On August 17, Magistrate Judge Wildeman recommended that the Court grant the motion in part and deny it in part. Dkt. 146 at 9. Magistrate Judge Wildeman found that the parties agreed to an enforceable settlement on December 12 and that the terms of the agreement are:

11a. Plaintiff shall dismiss his injunctive relief claims in this case with prejudice.

11b. Plaintiff shall release all claims arising from the incident described in the Complaint.

11c. Defendants will transfer Plaintiff to Indiana State Penitentiary.

12. Magistrate Judge Wildeman also found that the parties did not agree to a time by which the defendants must complete the transfer. She recommended, however, that in granting the motion to enforce, the Court find that 60 days is a reasonable time for performance. *Id.*

13. "Plaintiff objects to the recommended finding that the terms of the Parties' Agreement were sufficiently definite to create a binding enforceable agreement." Dkt. 147 ¶ 1. This objection is **overruled**.

13a. Counsel for Mr. Greer concedes that the "matter was resolved on Friday December 12." Dkt. 136-2 ¶ 1. He cannot both concede that the case was resolved by settlement and maintain that the parties did not reach an enforceable settlement.

13b. Mr. Greer's counsel further concedes the parties agreed that: (1) Mr. Greer would be transferred to Indiana State Prison; (2) claims for injunctive relief would be dismissed with prejudice; and (3) Mr. Greer would preserve his right to appeal the Court's order granting summary judgment on his damages claims. *Id.* ¶¶ 1(b)–(c).

13c. Counsel for the defendants captured the same terms in their tendered settlement instrument. Dkt. 136-3 ¶¶ 2, 5. While the instrument is not conclusive evidence of what the parties agreed to on December 12, *see* paragraph 8 above, it is at minimum evidence that the defendants do not oppose settlement on these terms, and it suggests that these are the terms the parties agreed to on December 12.

13d. Therefore, **the Court finds** that the parties agreed to settle this lawsuit on December 12, 2025, on the terms noted in paragraph 13b above.

13e. Mr. Greer also stated in his report to Magistrate Judge Wildeman that he "had negotiated an agreement" with the Centurion defendant regarding the provision of information to the IDOC about his disability. Dkt. 136-2 ¶ 1(a). Mr. Greer states that he "had negotiated" this agreement but does not directly state that the parties agreed to settle the case on those terms on December 12. Further, Mr. Greer's description of the matter negotiated is too vague to allow the Court to understand what would be required of the Centurion defendant. And, if Mr. Greer and Centurion reached an agreement before December 12 on terms that could be definitively articulated, they did not report that settlement to the Court, suggesting that no such agreement was final. For these reasons, the Court does not find this statement to include a material term of an enforceable settlement agreement.

14. "Plaintiff objects to the recommended finding that the parties did not intend to add terms to their agreement prior to executing a binding agreement." Dkt. 147 ¶ 2. This objection is **overruled**.

14a. Mr. Greer states that "as part of the negotiations before the Agreement, the [Defendant] medical provider had agreed that it would provide the prison what it needed to ensure the prison was treating [the Plaintiff] as blind." *Id.*

14b. As discussed in paragraph 12e above, the Court does not find that Centurion's provision of information regarding medical treatment or accommodations was a material term of an enforceable contract entered on December 12.

14c. To the extent Mr. Greer's counsel contends in this objection that there is no enforceable settlement at all because the parties intended to continue negotiating, he contradicts his May 26 report that the case "was resolved" by settlement on December 12. Dkt. 136-2 ¶ 1.

14d. To the extent counsel for Mr. Greer contends that the parties' differing contract instruments reflect that they never reached a meeting of the minds, he is incorrect. The instruments are undated and unexecuted. As discussed in paragraphs 8 and 9 above, they are not conclusive evidence of what the parties did or did not agree to on December 12. As discussed in paragraph 13c above, the defendants' instrument aligns with Mr. Greer's counsel's report to Magistrate Judge Wildeman and therefore suggests that the parties agreed on December 12 to settle the case on the terms identified in paragraph 13b. Meanwhile, in Mr. Greer's counsel's own words, his tendered instrument is one that his client "would sign." Dkt. 141 at 6. It is evidence only of his current litigation position, not of any agreement or disagreement nine months ago.

14e. Whether or not specified in the terms of the contract, Mr. Greer's custodians remain obligated to care for Mr. Greer's medical needs and provide reasonable accommodations for his disability as required by the Eighth Amendment and the ADA.

15. "Plaintiff objects to the Magistrate Judge's recommended finding that the Plaintiff waived the argument that the Parties intended to further negotiate in order to reduce the Agreement to writing." Dkt. 147 ¶ 3. This objection is **overruled** to the extent it is material. Counsel for Mr. Greer concedes that the parties resolved the case on December 12 by agreeing to settle the case on the terms identified in paragraph 13b above. That concession forecloses any assertion that the parties did not enter into an enforceable agreement because they intended to continue negotiating. Whether Mr. Greer waived the argument is immaterial because it is a losing argument.

16. "The Plaintiff agrees with the Court that the 60-day window to effect the transfer was not a material term of the Agreement. However, the Plaintiff objects to the Magistrate Judge's recommended finding that the 60-day window is a reasonable time frame for performance." This objection is **sustained**.

16a. Magistrate Judge Wildeman found that the parties agreed to settle the case without agreeing to a specific timeframe for performing the prison transfer. Dkt. 146 at 6. Neither party objects to that finding.

16b. When a contract does not specify a time for performance, it does not become unenforceable; rather, "[w]hen the time for performance is not specified, a contract must be performed within a reasonable time." *McCartin McAuliffe Mech. Contractor, Inc. v. Midwest Gas Storage, Inc.*, 685 N.E.2d 165, 174 (Ind. Ct. App. 1997).

16c. Accordingly, the Court will not specify a time by which the defendants must effectuate Mr. Greer's transfer. Under Indiana contract law, the defendants must perform within a reasonable time. If Mr. Greer does not believe his transfer is completed within a reasonable time, his recourse will be to file a breach of contract suit in state court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) ("[E]nforcement of the settlement agreement is for state courts.").[1]

17. "Plaintiff objects to the Magistrate Judge's Order that he 'fully release all claims arising out of the incident described in the Complaint against the State and Defendants Lisa Hamblen and John Cook in exchange for a transfer to Michigan City Penitentiary to be completed no later than sixty (60) days from the Court's Order on this Entry.'" Dkt. 147 ¶ 5. This objection is **sustained**. The Court has found that the parties agreed that Mr. Greer would dismiss injunctive

[1] If Mr. Greer finds this result dissatisfying, the Court suggests it is preferable to the alternative. The Court continued the bench trial of this matter when the parties reported they were close to a settlement and then vacated a rescheduled bench trial when they reported they had resolved the case by settlement. The Court ordered them to file a joint stipulation of dismissal or a motion to dismiss within 60 days. Dkt. 122. The litigants did not act diligently to reduce their agreement to writing and finalize it. This left Mr. Greer with two options: leave the Court to determine the terms of the settlement the parties reported, or face dismissal of the case with prejudice—and without an enforceable agreement to be transferred to Indiana State Prison.

relief claims with prejudice but preserve his right to appeal the Court's order granting summary judgment on damages claims.

## III. Conclusion

Mr. Greer's objections to Magistrate Judge Wildeman's report and recommendation, dkt. [147], are **sustained in part** and **overruled in part** as discussed in Part II above.

The Court **adopts in part** and **rejects in part** Magistrate Judge Wildeman's report and recommendation, dkt. [146], and **grants in part** and **denies in part** the defendants' motion to enforce settlement, dkt. [136], consistent with Part II above.

The Court finds that Mr. Greer and Defendants Cook and Hamblen entered an enforceable agreement on December 12, 2025, to settle this case on the following terms. The defendants will transfer Mr. Greer to Indiana State Prison. In exchange, Mr. Greer agrees to dismissal with prejudice of his injunctive relief claims against them. Mr. Greer preserves his right to appeal the Court's grant of summary judgment on all claims for damages.

Therefore, the case is **dismissed with prejudice** pursuant to Mr. Greer's settlement of injunctive relief claims against Defendants Cook and Hamblen and the Court's order granting summary judgment on all other claims, dkt. 62. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 9/21/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL L GREER
962733
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jeb Adam Crandall
Dillon Crandall Moore, P.C.
jeb@dilloncrandallmoore.com

Christopher Andrew Farrington
Paganelli Law Group
drew@paganelligroup.com

Jordan Douglas Hall
Lewis and Wilkins LLP
hall@lewisandwilkins.com

Jeffrey A. Macey
Macey Law, P.C.
jmacey@maceylaw.com

Travis W. Montgomery
Carson LLP
montgomery@carsonllp.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov

Timothy Charles Sansone
Sandberg Phoenix & von Gontard
tsansone@sandbergphoenix.com

Eric Charles Sears
Lewis And Wilkins, LLP
sears@lewisandwilkins.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com